UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EMPLOYEE PAINTERS' TRUST,<br><br>                  Plaintiff,<br><br>   v.<br><br>CECELIA ASENCIO, an individual; and MELVIN ASENCIO, an individual,<br><br>                  Defendants. | CASE NO. C20-549RSM<br><br>ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT |

## I. INTRODUCTION

This matter is before the Court on Plaintiff Employee Painters' Trust's Motion for Default Judgment against Defendant Cecelia Asencio. Dkt. #13. Plaintiff seeks $5,526.76, plus pre-judgment interest in the amount of $1,236.71, as well as attorney's fees of $8,488.00 and $1,611.80 in costs. Having considered the applicable briefing and the remainder of the record, the Court GRANTS IN PART Plaintiff's Motion.

## II. BACKGROUND

The Court accepts the following well-pleaded allegations of the Complaint as established fact. *See LHF Prods., Inc. v. Holmes*, 2018 WL 3742189, at *2 (W.D. Wash. Aug. 7, 2018) (citing *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)).

The Plaintiff, Employee Painters' Trust, is an express trust created pursuant to a written

1  declaration of trust between the International Union of Painters and Allied Trades and various
2  employers and employer associations in the painting, drywall, and related industries. This action
3  was brought under Section 502(e)(1) of the Employee Retirement Income Security Act of 1974,
4  as amended ("ERISA"), 29 U.S.C. § 1132(e)(1).

5  Defendant Ceclia Asencio has been an employee of employers who are signatory to certain
6  collective bargaining agreements and obligated to make fringe benefit contributions on behalf of
7  Mr. Asencio. As a result of those contributions, Ms. Asencio was eligible to participate in
8  Plaintiff's ERISA Plan. Dkt. #1 ("Compl.") at ¶ 11. The Plan provides benefits to eligible
9  employees and their legal dependents, including their legal spouses. *Id*. at ¶ 12. The Plan further
10 requires that participants and beneficiaries notify the Plan of any qualifying events, one of which
11 is divorce from a dependent. *Id.* at ¶ 30.  The Plan specifically notes "[y]ou or your eligible
12 dependents have the responsibility to inform the Trust Office of a loss of coverage resulting from
13 a divorce." Dkt. #13-1, Ex. 1-A at 59; Ex. 1-B at 13; Ex. 1-C at 19. The Plan also states a
14 participant's divorced or legally separated spouse is not eligible for coverage. *Id.*, Ex. 1-A at 20;
15 Ex. 1-B at 7; Ex. 1-C at 12.

16 Ms. Asencio failed to notify Plaintiff of her 2016 divorce from Melvin Asencio, who
17 subsequently received $5,526.76 in medical and prescription benefits from the Trust. *See* Compl.
18 at ¶¶ 14–34, Dkt. #13-1 at 72–76.

19 On or about September 5, 2018, Ms. Asencio informed the Trust that she and Mr. Asencio
20 had been legally divorced.  Plaintiff then sent a letter asking for restitution for the funds above.
21 No restitution payment was ever made to Plaintiff.

22 Plaintiff filed its lawsuit on April 9, 2020, and immediately attempted to serve Defendants.
23 Dkts. #1 and #5. The Clerk entered an Order of Default against Cecilia Asencio on November 12,

ORDER GRANTING IN PART MOTION FOR
DEFAULT JUDGMENT - 2

1   2020.  Dkt. #10.  Plaintiff has not been able to serve Mr. Asencio and he has therefore been
2   dismissed from this action.

3   Plaintiff brings claims against Ms. Ascencio for restitution under ERISA, fraud, fraudulent
4   misrepresentation, fraudulent concealment, negligent misrepresentation, conversion, and unjust
5   enrichment.  Dkt. #1.  Plaintiff does not bring a claim for breach of contract.  Attorney's fees are
6   permitted under ERISA as well as the language of the applicable Plan.  *See* Dkt. #13-1 at 47 ("[i]f
7   the Plan has to take legal action or incur legal fees to seek recovery of funds from you or your
8   dependents, you shall be responsible for all possible liability for interest on improperly obtained
9   benefits or payments and attorneys fees and costs."); *see also* Dkt. #13-1 at 63.

10  Plaintiff seeks default judgment against Ms. Ascencio for the funds above, plus pre-
11  judgment interest in the amount of $1,236.71, $8,488.00 in attorney's fees, $1,611.80 for costs,
12  and post-judgment interest at the rate fixed under 28 U.S.C. § 1961.  Dkt. #13-3.

### III.   DISCUSSION

14  The Court has authority to enter a default judgment against Ms. Asencio based on the
15  Clerk's entry of default, Dkt. #10, and pursuant to Federal Rule of Civil Procedure 55 and Local
16  Civil Rule 55.  The Court has subject matter jurisdiction over Plaintiff's claims under Section
17  502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).  It also has personal jurisdiction over Ms. Asencio,
18  a Washington resident.  The Court has been provided sufficient evidence to determine liability and
19  the amount of damages claimed herein, as required by Fed. R. Civ. P. 55(b)(2).  *See Eitel v.*
20  *McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

21  To recover under 29 U.S.C. § 1132(a)(3), the plaintiff "must demonstrate (1) that it is an
22  ERISA fiduciary, and (2) that it is seeking equitable, rather than legal, relief." *Reynolds Metals v.*
23  *Ellis*, 202 F.3d 1246, 1247 (9th Cir. 2000).  The Ninth Circuit has recognized the remedy of

restitution under Section 1132(a)(3) in situations involving "ill-gotten gains," such as "money obtained through fraud or wrongdoing." *Cement Masons Health & Welfare Tr. Fund for N. Cal. v. Stone*, 197 F.3d 1003, 1006–07 (9th Cir. 1999), *cert. denied*, 534 U.S. 1104 (2002); *see also Carpenters Health & Welfare Trust for S. Cal. v. Vonderharr*, 384 F.3d 667, 671 (9th Cir. 2004), cert. denied, 546 U.S. 1030 (2005); *Reynolds Metals Co. v. Ellis*, 202 F.3d 1246, 1249 (9th Cir. 2000), cert. dismissed, 531 U.S. 1061 (2000). Generally, the elements for equitable relief in a case under 29 U.S.C. § 1132(a)(3) are: (1) proof of fraud or serious wrongdoing; (2) the defendant received a benefit; (3) at the plaintiff's expense; and (4) between the defendant and the plaintiff, it is unjust for the plaintiff to retain the benefit. *See Miniace v. Pac. Mar. Ass'n*, No. C 04-3506 SI, 41 Emp. Benefits Cas. (BNA) 1057, 2007 U.S. Dist. LEXIS 23495, at *36 (N.D. Cal. Mar. 30, 2007).

29 U.S.C. § 1132(g)(2) states:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan
>
> (A)  the unpaid contributions,
>
> (B)  interest on the unpaid contributions,
>
> (C)  an amount equal to the greater of— (i)   interest on the unpaid contributions, or (ii)   liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D)  reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E)   such other legal or equitable relief as the court deems appropriate.

> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan.

Under Washington law, the elements of negligent misrepresentation are "the defendant negligently supplied false information that the defendant knew, or should have known, would guide the plaintiff in making a business decision, and that the plaintiff justifiably relied on the false information." *Van Dinter v. Orr*, 157 Wn. 2d 329, 333 (2006). In addition, the plaintiff must show that the false information was the proximate cause of the claimed damages.

Claims of fraud and fraudulent misrepresentation require an intent to deceive. *See Stiley v. Block*, 925 P.2d 194, 130 Wn.2d 486 (1996); *Boonstra v. Stevens-Norton, Inc.*, 64 Wn.2d 621, 625 (1964).

The Court agrees with Plaintiff as to Ms. Asencio's liability under negligent misrepresentation and finds that default judgment is appropriate under *Eitel*. The limited record before the Court demonstrates that Ms. Asencio negligently misrepresented her marital status to Plaintiff for two years, resulting in Plaintiff paying out $5,526.76 in benefits that were not permitted under the Plan. Plaintiff has failed to demonstrate her liability under ERISA's restitution statute, conversion, unjust enrichment, or for any of the fraud claims. Ms. Asencio did not receive the benefit being sought under ERISA restitution—her ex-husband did. There is no evidence of an intent to deceive beyond pure speculation. Conversion and unjust enrichment are not discussed in Plaintiff's briefing and are inapplicable to what is being alleged against Ms. Ascencio.

The Court finds that an award of the above amount plus interest is warranted as set forth by Plaintiff's briefing and in cited terms of the Plan above. The Court thus turns to the sole remaining issue, attorney's fees and costs.

ORDER GRANTING IN PART MOTION FOR
DEFAULT JUDGMENT - 5

Courts have applied the *Hummell* factors to both awards of fees and costs: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980) (citation omitted).

Based on the limited record, these factors do not weigh in Plaintiff's favor. Plaintiff struggles to articulate Ms. Asencio's culpability. Many of the claims brought in this case apply solely to Mr. Asencio who received the benefit of the healthcare and prescriptions. Plaintiff fails to demonstrate the necessary elements of fraud, succeeding instead on negligent misrepresentation. Ms. Asencio's negligent failure to update her marital status for two years, allowing her ex-husband to obtain a few thousand dollars in benefits does not strike the Court as demonstrating a high degree of culpability of bad faith. Plaintiff admits, "[t]here is no evidence whether or not the Defendant can satisfy a fee award, so that factor is neutral." Dkt. #13 at 15. The Court is not entirely convinced that an award of fees would act as a deterrent in a case where the Defendant was negligent in updating her marital status. This action would likely benefit all beneficiaries of the Trust by recovering the wrongfully paid amounts. Finally, considering the last *Hummell* factor, the Court finds that many of the claims pursued in this case were without merit, and that this weighs against awarding fees for time spent researching, drafting, and otherwise pursuing such claims. Given all of the above, the Court finds that this is not a case where an award of fees or costs is just, equitable, or warranted under applicable ERISA law.

**I.      CONCLUSION**

Accordingly, and having reviewed the briefing of the parties, the supporting declarations and evidence, and the remainder of the record, the Court finds and ORDERS:

1. Plaintiff's Motion for Default Judgment against Defendant Cecelia Asencio, Dkt. #13, is GRANTED IN PART.

2. The Court AWARDS Plaintiff $5,526.76, plus pre-judgment interest in the amount of $1,236.71, for a total of $6,763.47.  Attorney fees and costs are not awarded.

3. Post-judgment interest is awarded on the total judgment at the rate fixed under 28 U.S.C. § 1961.

DATED this 22nd day of January, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING IN PART MOTION FOR
DEFAULT JUDGMENT - 7